NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2010-7015

GARRETT R. HARDMAN,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in case no. 07-3610, Judge Robert N. Davis

ON MOTION

Before MAYER, BRYSON, and DYK, Circuit Judges.

PER CURIAM.

## O R D E R

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Garrett R. Hardman's appeal from the United States Court of Appeals for Veterans Claims' judgment in Hardman v. Shinseki, 07-7015, for lack of jurisdiction.

Hardman appealed to the Court of Appeals for Veterans Claims, challenging a 2007 decision of the Board of Veterans' Appeals that denied service connection for gout and denied special monthly compensation for aid and attendance. The Court of Appeals for Veterans Claims affirmed the Board's decision, concluding that the Board did not err in not finding a nexus between Hardman's gout and his in-service symptoms and in finding that Hardman was not eligible for special monthly compensation because there was no medical evidence indicating that he was permanently housebound,

bedridden, or in need of aid and attendance. Hardman appeals that decision to this court.

Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. See Forshey v. Principi, 284 F.3d 1335, 1338 (Fed. Cir. 2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

In his informal brief, Hardman only challenges factual determinations regarding the medical evidence relied on by the Board. Additionally, Hardman makes no nonfrivolous constitutional challenges. Thus, this court does not have jurisdiction over the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motions to waive the requirements of Rule 27(f) and to dismiss are granted.

(2) Each side shall bear its own costs.

FOR THE COURT

FEB 0 2 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc: Garrett R. Hardman
Christopher A. Bowen, Esq.

s20

ISSUED AS A MANDATE: ___FEB 0 2 2010___

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 02 2010

JAN HORBALY
CLERK

2010-7015                              - 2 -